UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAI A. GOULSBY,

    Plaintiff,

v.

CATHY BRUNER, *et al.*,

    Defendants.

Case No. C07-5139 RBL/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint under 42 U.S.C. § 1983. (Dkt. # 1). Plaintiff seeks punitive and compensatory damages for the failure of the Department of Corrections ("DOC") to expunge an infraction received by Plaintiff while he was incarcerated at the McNeil Island Corrections Center (MICC) in December 2002. The Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

## DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the

ORDER - 1

conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In December 2002, Plaintiff was incarcerated at the MICC, when he received a notice of infraction for violation of WAC 137-28-260(603), which prohibits bringing controlled substances into prison. *In re Goulsby*, 84 P.3d 922, 923 (2004). At Plaintiff's infraction hearing, the hearing officer relied upon confidential information and the contents of monitored telephone calls in finding Plaintiff guilty of the infraction, but made no findings as to the credibility and reliability of the confidential information or the need for confidentiality. *Id*. at 23-24. Petitener filed an administrative appeal that was denied. *Id*. Thereafter, Plaintiff filed a personal restraint petition seeking to recover the good time credits he lost as a result of the infraction. *Id*. The DOC responded by expunging the challenged infraction and requesting permission of the court to conduct a rehearing. Prior to the Court of Appeals' decision on his personal restraint petition, Plaintiff was released from custody due to the expiration of his sentence. However, the Court of Appeals determined that a decision on the merits was still appropriate and concluded that the DOC could rectify its error by properly and promptly conducting a new hearing. *Id.* 230-31.

In his proposed Complaint, Plaintiff alleges that he requested expungement of his records and that as of his release date in April 11, 2003, his records had not yet been expunged. It appears that Plaintiff seeks damages for the DOC's failure to expunge his record of the 2002 infraction in 2003. The record, however, indicates that Plaintiff's record was expunged and Plaintiff was given a second infraction hearing. Thus, Plaintiff has failed to state a cause of action in light of his intervening personal restraint petition and the Washington Court of Appeals' review of his claim on the merits. As specifically noted in the Court of Appeals' decision, upon realizing its error, the DOC promptly expunged Plaintiff's record and sought rehearing on Plaintiff's infraction. *In re Goulsby*, 84 P.3d at 230. Plaintiff makes no allegations that he was not afforded a second hearing or did not receive the

ORDER - 2

due process to which he was entitled at that time.

Additionally, Plaintiff names Cathy Bruner and Doug Waddington in his proposed Complaint, but does not state how either of these employees acted to violate any constitutional right. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Accordingly, it is ORDERED:

1. Plaintiff shall show cause why this petition should not be dismissed. A response is due by **May 31, 2007.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the court will enter a report and recommendation that the complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 4th day of April, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3