UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAI A. GOULSBY,

    Plaintiff,

v.

CATHY BRUNER, *et al.*,

    Defendants.

Case No. C07-5139 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
July 20, 2007**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Prior to service of Plaintiff's complaint, in which he purports to sue Defendants Cathy Bruner and Doug Waddington pursuant to 42 U.S.C. § 1983, the undersigned ordered Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim. (Dkt. # 5). Plaintiff has failed to respond to this Court's Order. The undersigned recommends that this action be dismissed with prejudice.

## I. DISCUSSION

On April 5, 2007, Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. # 3), and the Clerk filed Plaintiff's complaint. (Dkt. # 4). The Court reviewed Plaintiff's complaint prior to service and found it to be insufficient because it did not allege facts sufficient to state a claim under 42 U.S.C. § 1983. (Dkt. # 5).

REPORT AND RECOMMENDATION - 1

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In December 2002, Plaintiff was incarcerated at the MICC, when he received a notice of infraction for violation of WAC 137-28-260(603), which prohibits bringing controlled substances into prison. *In re Goulsby*, 84 P.3d 922, 923 (2004). At Plaintiff's infraction hearing, the hearing officer relied upon confidential information and the contents of monitored telephone calls in finding Plaintiff guilty of the infraction, but made no findings as to the credibility and reliability of the confidential information or the need for confidentiality. *Id.* at 23-24. Petitoner filed an administrative appeal that was denied. *Id.* Thereafter, Plaintiff filed a personal restraint petition seeking to recover the good time credits he lost as a result of the infraction. *Id.* The DOC responded by expunging the challenged infraction and requesting permission of the court to conduct a rehearing. Prior to the Court of Appeals' decision on his personal restraint petition, Plaintiff was released from custody due to the expiration of his sentence. However, the Court of Appeals determined that a decision on the merits was still appropriate and concluded that the DOC could rectify its error by properly and promptly conducting a new hearing. *Id.* 230-31.

In his proposed complaint, Plaintiff alleges that he requested expungement of his records and that as of his release date in April 11, 2003, his records had not yet been expunged. (Dkt. # 4). It appears that Plaintiff seeks damages for the DOC's failure to expunge his record of the 2002 infraction in 2003. The record, however, indicates that Plaintiff's record was expunged and Plaintiff was given a second infraction hearing. (*In re Goulsby, supra*). Thus, Plaintiff has failed to state a cause of action in light of his intervening personal restraint petition and the Washington Court of Appeals' review of his claim on the merits. As specifically noted in the Court of Appeals' decision,

REPORT AND RECOMMENDATION - 2

upon realizing its error, the DOC promptly expunged Plaintiff's record and sought rehearing on Plaintiff's infraction. *In re Goulsby*, 84 P.3d at 230. This Court advised Plaintiff that his complaint was devoid of any allegations as to whether or not he was afforded a second hearing or did not receive the due process to which he was entitled at that time. (Dkt. # 5 at 2-3).

Additionally, Plaintiff names Cathy Bruner and Doug Waddington in his proposed complaint, but does not state how either of these employees acted to violate any constitutional right. Plaintiff was advised that he should allege facts showing how these individually named defendants caused or personally participated in causing the harm alleged in the complaint. (*Id*. at 3).

Plaintiff was given additional time to plead, until May 31, 2007. To date, Plaintiff has not complied with the Court's Order, nor has he sought additional time to comply with the Court's Order.

## II.  CONCLUSION

Plaintiff was ordered to show cause why this action should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. (Dkt. # 4). Plaintiff has not complied with the Court's Order nor has he sought an extension of the deadline. The Court recommends the action be **DISMISSED WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 20, 2007**, as noted in the caption.

DATED this  19th  day of June, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3