1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

13

14

15

16

17

RAI A. GOULSBY,

        Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

        Defendants.

Case No. C07-5139 RBL/KLS

ORDER RE-NOTING MOTION TO
DISMISS

18

19

20

21

22

23

        Presently pending before the Court is the motion to dismiss of Defendants Doug
Waddington and Kathryn Bruner.  (Dkt. # 19).  Defendants argue that Plaintiff's claims are barred
by the statute of limitations and the doctrine of res judicata as Mr. Goulsby brought similar claims
in Grays Harbor County Superior Court which were previously dismissed.  *Id.*  In support of their
motion, Defendants provide the Court with copies of the complaint and order of dismissal entered in
the state court case at issue. (Dkt. # 19, Attachment 1, Exhs. 1, 2).

24

25

26

27

        Plaintiff opposes the motion and provides his declaration and exhibits in support of his
claim that his previous lawsuit in Grays Harbor County Superior Court was timely filed and
wrongfully dismissed.  (Dkt. # 19, 20).  Plaintiff argues that the statute of limitations should be
equitably tolled and that the doctrine of res judicata does not bar his claims in this Court as his

28

ORDER - 1

1   claims were never actually litigated in the earlier proceedings.

2        While the Court may take judicial notice of "matters of public record" without converting a

3   motion to dismiss into a motion for summary judgment, *MGIC Indem. Corp. v. Weisman,* 803 F.2d

4   500, 504 (9th Cir.1986), if matters outside the pleading are presented to and not excluded by the

5   Court, a motion to dismiss shall be treated as one for summary judgment and disposed of as

6   provided in Rule 56.  Fed.R.Civ.P. 12(b).   Mr. Goulsby submits a copy of a mail log and his

7   declaration in support of his argument that the statute of limitations does not apply and/or that the

8   statute should be equitably tolled.  Defendants should be given a reasonable opportunity to present

9   all materials made pertinent to such a motion by Rule 56.  *Id.*[1]

10

11       Accordingly, it is **ORDERED**:

12       (1)   Defendants' Motion to Dismiss (Dkt. # 19) is **RENOTED** for **May 23, 2008**;

13       (2)   Defendants' Reply to Plaintiff's Response, if any, shall be due on **May 15, 2008** and

14             Plaintiff's Surreply to Defendants' Reply, if any, shall be due on **May 23, 2008**; and

15       (3)   The Clerk of the Court is directed to send copies of this Order to counsel of record

16             and to Plaintiff.

17

18       DATED this  22nd  day of April, 2008.

19

20                                              _Karen L. Strombom_

21                                              Karen L. Strombom
                                                United States Magistrate Judge

22

23

24

_____

25       [1]Where the running of the statute of limitations cannot be determined from the face of the

26   complaint, a motion for summary judgment is the proper procedure.  *Supermail Cargo, Inc. v.*

27   *United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (equitable tolling doctrine usually not amenable to
     resolution on 12(b)(6) motion).

28   ORDER - 2