1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

13

14

15

16

17

RAI A. GOULSBY,

         Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

         Defendants.

Case No. C07-5139 RBL/KLS

REPORT AND RECOMMENDATION

**Noted for: June 27, 2008**

18

19

20

21

22

23

24

      Presently pending before the Court is the motion to dismiss of Defendants Doug Waddington and Kathryn Bruner.  (Dkt. # 19).  Defendants contend that Plaintiffs' claims are barred by the statute of limitations and res judicata.  In support of their motion, Defendants provide the Court with the Declaration of Jason M. Howell, Assistant Attorney General, to which is attached a copy of Mr. Goulsby's Complaint in Grays Harbor County Superior Court, assigned Cause No. 06-2-00526-7 and a copy of the Order of Dismissal entered in that case ("Grays Harbor Action") (Dkt. # 19, Attachment 1, Exhs. 1, 2).

25

26

27

      Mr. Goulsby opposes the motion and provides his declaration and exhibits in support of his claim that his previous lawsuit in Grays Harbor County Superior Court was timely filed and

28

REPORT AND RECOMMENDATION - 1

1  wrongfully dismissed.  (Dkt. # 19, 20).  Mr. Goulsby argues that the statute of limitations should be

2  equitably tolled and that the doctrine of res judicata does not bar his claims in this court as his

3  claims were never actually litigated in the earlier proceedings.  Mr. Goulsby submits a copy of a

4  mail log and his declaration in support of his argument that the statute of limitations does not apply

5  and/or that the statute should be equitably tolled.  (Dkt. # 19, Exh. B; Dkt. # 20).  Because the

6  Plaintiff presented matters outside the pleadings for consideration, the court converted the motion to

7  dismiss to one for summary judgment and re-noted the matter until May 23, 2008 to give the parties

8  a reasonable opportunity to present all pertinent materials.

9  Having carefully reviewed Defendants' motion, Plaintiff's opposition (including his reply

10  memorandum (Dkt. # 25)), and Defendants' reply (Dkt. # 22), the Court finds that the motion

11  should be granted on the grounds that Plaintiff's claim is time barred and barred by the doctrine of

12  res judicata.

### I.  STANDARD OF REVIEW

14  In examining Defendants' motion, the court must draw all inferences from the admissible

15  evidence in the light most favorable to the non-moving party.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d

16  1130, 1134 (9th Cir. 2000).  Summary judgment is proper where there is no genuine issue of material

17  fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The moving

18  party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex*

19  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

20  Once the moving party has met its burden, the opposing party must show that there is a genuine

21  issue of fact for trial.  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87

22  (1986).  The opposing party must present significant and probative evidence to support its claim or

23  defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

24  The moving party must demonstrate the absence of a genuine issue of fact for trial.

25  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).   A "material" fact is one which is

26  "relevant to an element of a claim or defense and whose existence might affect the outcome of the

27  suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W.*

28  REPORT AND RECOMMENDATION - 2

1 | *Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

2 | Mere "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary

3 | judgment." *Id.*  The nonmoving party "must produce at least some 'significant probative evidence

4 | tending to support the complaint.'" *Id.* (quoting *Anderson*, 477 U.S. at 290).  The purpose of

5 | summary judgment "is not to replace conclusory allegations of the complaint or answer with

6 | conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888

7 | (1990).

## II.  DISCUSSION

### A.     Procedural Background and Plaintiff's Allegations

In December 2002, Mr. Goulsby was incarcerated at the MICC, when he received a notice

of infraction for violation of WAC 137-28-260(603), which prohibits bringing controlled

substances into prison.  (Dkt. # 13, p. 5; See also, *In re Goulsby*, 84 P.3d 922, 923 (2004)[1].

At Mr. Goulsby's infraction hearing, the hearing officer relied upon confidential

information and the contents of monitored telephone calls in finding Mr. Goulsby guilty of the

infraction, but made no findings as to the credibility and reliability of the confidential information

or the need for confidentiality.  *Id.*, p. 5.  Mr. Goulsby  filed an administrative appeal that was

denied.  *Id.*

Mr. Goulsby alleges that despite an order from the Attorney General's office dated March

13, 2003 instructing that the infraction be expunged from his records, Defendants failed to honor

the Attorney General's order.  *Id.*, p. 6.  Despite Mr. Goulsby's repeated efforts to get his records

---

[1]Thereafter, Plaintiff filed a personal restraint petition seeking to recover the good time credits he lost as a result of the infraction. *In re Goulsby*, 84 P.3d 922, 923 (2004).   The DOC responded by expunging the challenged infraction and requesting permission of the court to conduct a rehearing.  Prior to the Court of Appeals' decision on his personal restraint petition, Plaintiff was released from custody when his sentence expired.  However, the Court of Appeals determined that a decision on the merits was still appropriate and concluded that the DOC could rectify its error by properly and promptly conducting a new hearing.

REPORT AND RECOMMENDATION - 3

changed to reflect the expungement, Mr. Goulsby claims that Defendants refused to obey the

Attorney General's order and unlawfully detained him twenty-six days past his early release date

of April 4, 2003, without holding a second hearing.  (Dkt. # 13, p. 6-9).

Mr. Goulsby also alleges emotional anguish and injuries related to his unlawful detention

because during the time he was held past his release date, his mother died of congestive heart

failure.  *Id*., p. 9.

**B.   The Grays Harbor Action**

Mr. Goulsby filed a complaint in Grays Harbor Superior Court, assigned Cause No. 06-2-

00526-7 on or about May 8, 2006 (the "Grays Harbor Action").  (Dkt. # 19, Exhibit 1, Attachment

A).  Plaintiff sued Doug Waddington and Kathryn Bruner, the same defendants in this action.  *Id*.

Mr. Goulsby alleged the same claims in the Grays Harbor Action as he alleges in this case, *i.e.*,

that he was improperly held for 28 days past his early release date of April 4, 2003.  *Id*., p. 4.  Mr.

Goulsby alleged that he submitted that complaint to DOC officials at the Washington State

Penitentiary April 17, 2006.  The complaint was mailed to Grays Harbor Superior Court on April

20, 2006.  (Dkt. # 19, Exhs. A and B; Dkt. # 20).

On November 20, 2006, the defendants submitted a motion to dismiss his complaint on the

grounds that it exceeded the 3-year statute of limitations.  (Dkt. # 19, p. 4).  On December 6,

2006, during a telephonic conference, Mr. Goulsby made his argument to the court that he mailed

his complaint in a timely fashion. *Id*., p. 5.  The court advised him that the complaint did not

arrive at the court until May 8, 2006 and that it was filed the same day it was received.  *Id*.  The

court then dismissed Mr. Goulsby's complaint for exceeding the statute of limitations period of

May 1, 2006.  *Id*.

REPORT AND RECOMMENDATION - 4

## C.      Washington's Three Year Statute of Limitations

Defendants argue that Mr. Goulsby's claims before this court are barred by Washington's three year statute of limitations.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir 1981); RCW 4.16.080(2).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Mr. Goulsby alleges that Defendants unlawfully detained him past his earned early release date of April 4, 2003 until May 1, 2003. (Dkt. # 13, pp. 8-9). Plaintiff commenced this action on March 9, 2007 when he filed his Motion for Leave to Proceed IFP and Proposed Civil Rights Complaint. (Dkt. # 1). Thus, Mr. Goulsby had actual notice of the facts giving rise to his claim, that he was being unlawfully detained, as of April 5, 2003, when he was not released. Mr. Goulsby has had sufficient time to commence an action before the expiration of the three year statute of limitations. However, he did not commence the action in this court until March 9, 2007, well over three years after his claim accrued.

Even assuming that Mr. Goulsby did not have actual notice of the facts giving rise to his

REPORT AND RECOMMENDATION - 5

1    claim until the date of his release from custody on May 1, 2003, he did not commence this action

2    until March 9, 2007, more than three years and 10 months later.

3            Mr. Goulsby argues, however, that the statute of limitations in this case should be

4    equitably tolled because the Grays Harbor Superior Court erred in dismissing his complaint

5    because it failed to apply the mailbox rule to the filing of his complaint.  He argues that the

6    exhibits submitted clearly show that he mailed his complaint within the three year statue of

7    limitations because he mailed the complaint to the court before the statutory deadline.  (*See* Dkt. #

8    19, Exhs. A and B; Dkt. # 20).

9

10           When a federal court adopts a state statute of limitations the relevant state tolling statutes are

11   also applicable.  *Bianchi v. Bellingham*, 909 F. 2d. 1316 (9th Cir. 1990).  In Washington the doctrine

12   of equitable tolling allows a court to extend a statute of limitation that has "nominally elapsed" when

13   justice so requires.  *State v. Robinson*, 104 Wash App. 657, 659 (2001).  The state court of appeals

14   in *Robinson* explains that in Washington appropriate circumstances for application of the doctrine

15   generally include bad faith, deception, or false assurances by the defendant, and the exercise of

16   diligence by the plaintiff.  *State v. Robinson*, 104 Wash App. 657, 659 (2001).  None of those factors

17   are present in this case.

18

19           Mr. Goulsby argues that dismissal of his complaint violates Washington State's civil court

20   rule 3.1(a) which provides that "a document is timely filed if deposited in that institution's

21   internal mail system within the time permitted for filing."  *Id*., p. 5.  However, that rule was not

22   adopted by the Washington courts until September 1, 2006, after Mr. Goulsby submitted his

23   complaint for filing.  *See* WA GR 3.1 [Adopted effective September 1, 2006.]  Mr. Goulsby was

24   given an opportunity to argue to the Grays Harbor Superior Court that he mailed his complaint in

25   a timely fashion and was advised of that court's ruling that the court filed complaints on the day

28   REPORT AND RECOMMENDATION - 6

that they were received.  (Dkt. # 19, p. 5).  If Mr. Goulsby disagreed with that ruling, his remedy would have been a direct appeal of that decision.

Thus, assuming all material facts as alleged by Plaintiff as true and viewing them in the light most favorable to Plaintiff, there is no issue of material fact concerning the timing of the filing of the complaint in the action pending in *this* court.  In addition, there is no issue of material fact regarding any action by the state hindering or preventing plaintiff from filing the complaint in a timely manner in *this* court.  The current cause of action was initiated over three years and eleven months after Mr. Goulsby's ERD, the date his cause of action accrued.

Accordingly, the undersigned finds that Plaintiff's claims are barred by the statute of limitations and recommends that they be dismissed.

**D.     The Doctrine of Res Judicata**

Alternatively, Defendants argue that Plaintiff's claims are barred by application of the doctrine of *res judicata* because the same claims were previously dismissed in the Grays Harbor Action.  (Dkt. # 19, Exh. 1, Attachment B).   The Grays Harbor Superior Court found that his cause of action accrued no later than his actual alleged release date of May 1, 2003 and dismissed his action with prejudice.  *Id*.   Mr. Goulsby argues that, because the Grays Harbor Action was dismissed on statute of limitation grounds, it was not "actually litigated" and is not a final judgment on the merits.  (Dkt. # 19, p. 7).

Under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken."  28 U.S.C. § 1738; *see Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986).  This Act requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state.  *Id*. at 523.

REPORT AND RECOMMENDATION - 7

Under Washington law, res judicata applies when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Mellor v. Chamberlin*, 673 P.2d 610 (1983). Res judicata ensures the finality of judgments. *Id*. A dismissal with prejudice is equivalent to a final judgment on the merits to which res judicata principles may apply. *Maib v. Maryland Cas. Co.*, 135 P.2d 71 (1943); *Krikava v. Webber*, 716 P.2d 916 919 (1986) (dismissal with prejudice of consolidated action after parties entered settlement is equivalent to final judgment on the merits to which res judicata principles apply).[2]

There is no dispute that the general test for application of *res judicata* set forth in *Mellor* is met in this case. Mr. Goulsby disputes only that the doctrine should not bar his current claims in this court because his state court complaint was dismissed on limitations grounds and therefore, he was never given the opportunity to fully litigate his claims.

The Grays Harbor Action was dismissed with prejudice. Thus, it was a final judgment on the merits to which res judicata principles apply.[3]

Viewing the facts in the light most favorable to the Plaintiff, the undersigned concludes

---

[2]The rule relied on by Mr. Goulsby in *New Jersey Education Assn. v. Burke*, 579 F.2d 764 (3d Cir. 1978), does not warrant a different conclusion. There, the court ruled that federal civil rights actions would not be barred by earlier state court litigation but only where a federal suit is commenced *before* a final decision by the state court. Then a state court judgment forecloses a § 1983 litigant from raising grievances in federal court only if such claims have been pressed before, and decided by, a state tribunal. 579 F.2d at 774 (and cases cited therein). In this case, it is undisputed that Mr. Goulsby's federal suit was commenced well after a final decision by the state court.

[3]This is consistent with the United States Supreme Court, which has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995).

REPORT AND RECOMMENDATION - 8

1    that summary judgment in favor of Defendants on Plaintiff's claims on the grounds that they are

2    barred by *res judicata* is appropriate.

3                                        **III. CONCLUSION**

4            For the foregoing reasons, the Court recommends that the Defendants' motion to dismiss

5    (Dkt. # 19) be **GRANTED.**  A proposed order accompanies this Report and Recommendation.

6

7    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

8    parties shall have ten (10) days from service of this Report to file written objections.  *See also*

9    Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes

10   of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

11   72(b), the clerk is directed to set the matter for consideration on **June 27, 2008**, as noted in the

12   caption.

13

14           DATED this  5th  day of June, 2008.

15

16

17                                                    _____
                                                     Karen L. Strombom
18                                                   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28   REPORT AND RECOMMENDATION - 9